COURT OF APPEALS OF VIRGINIA


Present:  Judges Baker, Elder and Fitzpatrick


ROCKINGHAM CONSTRUCTION COMPANY
AND
CONTINENTAL INSURANCE COMPANY                    MEMORANDUM OPINION[*]
                                                     PER CURIAM
v.    Record No. 0112-96-4                        JULY 16, 1996

DEBORAH ANN EYE, WIDOW OF
 JERRY W. EYE


          FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

               (Lisa C. Healey; Siciliano, Ellis, Dyer &
               Boccarosse, on brief), for appellants.

               (Samuel S. Price; Bushey & Price, on brief),
               for appellee.


     Rockingham Construction Company and its insurer (hereinafter

collectively referred to as "employer") contend that the Workers'

Compensation Commission erred in finding that employer failed to

prove that the application filed by Deborah Ann Eye, widow of

Jerry W. Eye ("decedent"), was barred by the decedent's willful

misconduct.  Specifically, employer argues that the commission

erred in finding that employer's willful misconduct defense

failed because employer did not strictly enforce the safety rules

allegedly violated by the decedent at the time of his injury by

accident.  Upon reviewing the record and the briefs of the

parties, we conclude that this appeal is without merit.

Accordingly, we summarily affirm the commission's decision.  Rule

---

        [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

5A:27.

An employee may rebut an employer's willful misconduct defense with evidence of an employer's pattern or practice of failing to discipline employees guilty of willful violations of a safety rule, "but only when such violations occur 'under circumstances charging an employer with knowledge and acquiescence.'" Virginia Elec. and Power Co. v. Kremposky, 227 Va. 265, 270-71, 315 S.E.2d 231, 234 (1984) (citations omitted). A ruling that an employer did not strictly enforce a safety rule is a mixed question of law and fact, and is therefore, reviewable by this Court on appeal. Id. at 270, 315 S.E.2d at 234.

On February 7, 1994, the decedent was electrocuted by contacting an energized power line while installing a transformer in the course of his employment. At the time of his death, the decedent was not wearing rubber gloves or sleeves as required by employer's safety rules.

Steve Hiett, the decedent's on-site foreman, who had worked for employer for over fifteen years, testified unequivocally that he never corrected or disciplined any employees, including the decedent, for not wearing rubber gloves or sleeves. He stated that an employee in the decedent's position, working underneath "a primary" with a non-energized transformer, would not wear gloves and sleeves eighty percent of the time. Hiett estimated that over a two-year period he had observed the decedent approximately 100 times working above the neutral without wearing

2

rubber gloves and sleeves. Hiett testified that it was common for the employees not to wear rubber gloves because they are uncomfortable and stiff, and, as such, do not allow for the dexterity that regular leather gloves provide. Hiett admitted that he had violated the rule on previous occasions. He also admitted that it was his duty to ensure that employees complied with safety rules, but he failed to do so.

Mike Probus, Director of Compliance and Training, testified that employer performed weekly or monthly unannounced safety inspections. However, employer did not present any records of any safety inspections of the decedent's crew. In addition, Hiett testified that a company safety officer appeared at the worksite only once every two to three months. Employer introduced documentary evidence of only one pre-February 7, 1994 warning given for an employee's failure to wear rubber gloves and sleeves. This warning was dated July 19, 1991.

The commission found Hiett's testimony credible. It is well settled that the determination of a witness' credibility is within the exclusive purview of the fact finder. Goodyear Tire & Rubber Co. v. Pierce, 5 Va. App. 374, 381, 363 S.E.2d 433, 437 (1987). Hiett's testimony established that employer knew of and acquiesced in the employees' violations of the safety rule. Hiett's testimony also established that employer followed a pattern and practice of not enforcing the safety rule. Accordingly, this evidence rebutted employer's willful misconduct

3

defense.

For these reasons, we affirm the commission's decision.

<u>Affirmed.</u>